UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WEYERHAEUSER COMPANY | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| PARDEE MINERALS LLC; EP ENERGY E&P COMPANY, L.P.; WILDHORSE RESOURCES II, LLC; MICHAEL M. and SUZANNE CARNES; CARNES OIL CORPORATION; CARNES TEXAS, LTD.; JAMES THIGPEN; and RICHARD P. DECAMARA | MAGISTRATE JUDGE |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Weyerhaeuser Company ("Plaintiff"), which respectfully represents as follows:

### PRELIMINARY STATEMENT, JURISDICTION AND VENUE

1.

This is a civil action pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 *et seq.*), and under state law, including without limitation La. R.S. § 30:10(A)(3) and the Louisiana Civil Code. The object of this litigation is the right to exploit the minerals in, on, and under certain immovable property currently or formerly owned by Plaintiff in Bienville Parish, which immovable property is located within certain oil and gas production units located in the King's Dome Field in Bienville Parish, Louisiana ("Plaintiff's Land"). Specifically, Plaintiff contends that a mineral servitude (the "Pardee Mineral Servitude"), which purportedly curtails the rights of Plaintiff to exploit the minerals in, on, and under Plaintiff's Land, was extinguished by the running of the prescription of nonuse on or before December 21, 1999. All exploration for and production of minerals in, on, and under Plaintiff's Land (including the exploration and

production of minerals in oil and gas units which include Plaintiff's Land) occurring after the extinction of the Pardee Mineral Servitude has been conducted in derogation of Plaintiff's rights. Plaintiff herein seeks a declaration of its rights, an award of damages for the unpaid proceeds of production attributable to Plaintiff's Land, and additional compensatory and injunctive relief.

2.

This Court has subject matter jurisdiction over these causes of action under 28 U.S.C. § 1332 because, as set forth in greater detail below, Plaintiff is a citizen of the State of Washington, and Defendants are all citizens of other States. Furthermore, the value of the object of this litigation (the mineral rights to certain immovable property and the historical proceeds and present value of production attributable to that property) exceeds $75,000.

3.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), since a substantial part of the events giving rise to this claim occurred in this judicial district, and the property that is the subject of the action is situated in this judicial district.

**THE PARTIES**

4.

Plaintiff is a corporation organized under the laws of the State of Washington, with its principal place of business in the State of Washington.

5.

Made Defendants are:

(a) Pardee Minerals, LLC ("Pardee"), a Delaware limited liability company which is authorized to do and doing business in the State of Louisiana. Pardee's only member is Pardee Properties, Inc., a Delaware corporation with a principal place of business in Pennsylvania. Thus, Pardee is a citizen of the States of Delaware and Pennsylvania.

(b) EP Energy E&P Company, L.P. f/k/a El Paso E&P Company, L.P. ("El Paso"), a Delaware limited partnership, which is authorized to do and doing business in the State of Louisiana. El Paso's partners are EP Energy Management, L.L.C., its general partner, and EP Energy Resale Company, L.L.C., its limited partner. However, the sole member of EP Energy Resale Company, L.L.C. (the general partner) is EP Energy Management, L.L.C. (the limited partner). The sole member of EP Energy Management, L.L.C. is EP Energy Global LLC. The sole member of EP Energy Global LLC is EP Energy LLC. The sole member of EP Energy LLC is EPE Acquisition, LLC. The sole member of EPE Acquisition, LLC is EP Energy Corporation, a Delaware corporation with a principal place of business in Houston, Texas. Thus, El Paso is a citizen of the States of Delaware and Texas.

(c) Wildhorse Resources II, LLC ("Wildhorse"), a Delaware limited liability Company, which is authorized to do and is doing business in the State of Louisiana. Wildhorse's sole member is WildHorse Resource Development Corporation, a business corporation incorporated in Delaware and with a principal place of business in Texas. Thus, Wildhorse is a citizen of the States of Delaware and Texas.

(d) Michael M. Carnes and his wife, Suzanne Carnes, residents and citizens of the State of Texas.

(e) Carnes Oil Corporation, a business corporation incorporated in Texas and with a principal place of business in the State of Texas. Thus, Wildhorse is a citizen of the State of Texas.

(f) Carnes Texas, Ltd, a limited partnership organized under the laws of Texas. Michael and Suzanne Carnes are the partners in Carnes Texas, Ltd., and thus Carnes Texas, Ltd. is a citizen of the State of Texas.

(g) James Thigpen, a resident and citizen of the State of Texas.

(h) Richard P. DeCamara, a resident and citizen of the State of Texas.

6.

Defendant Pardee is the party which currently claims to be the owner of the Pardee Mineral Servitude and is the putative holder of a royalty interest in a certain Oil and Gas Lease granted in 2001 by Pardee Resources Group, Inc. (Pardee's predecessor-in-interest) to Carnes Oil Corporation, as described in greater detail herein (the "Carnes Lease").

7.

Defendants El Paso and Wildhorse are the past and present owners of a working interest in the Carnes Lease, and are the past and present operators of certain oil and gas units located in the King's Field in Bienville Parish, which includes Sand Units A, B, C, and D (the "Units"). Plaintiff's Land is located within the Units. An index of the Louisiana Office of Conservation orders regarding the Units, with corresponding maps, is attached hereto as Exhibit "A."

8.

The defendants named in sections (d)-(h) are the holders of overriding royalty interests in the Carnes Lease.

## STATEMENT OF CLAIM

9.

On December 7, 1971, the Pardee Company (a predecessor-in-interest of Defendant Pardee) sold 8,673 acres of non-contiguous tracts of immovable property located in Bienville Parish to Willamette Industries, Inc. This act of sale is recorded in Conveyance Book 324, at Page 452, under Entry No. U-8347, records of Bienville Parish, State of Louisiana.

10.

Plaintiff is the successor-in-interest to Willamette Industries, Inc., which in 1971 was owner of the entirety of the immovable property subject to the Pardee Mineral Servitude.

11.

In the years following the 1971 transaction, Willamette Industries, Inc. and/or Plaintiff transferred ownership of portions the 1,160 acres it obtained in 1971 to various third persons. The portions of the 1,160 acres as to which Plaintiff retained ownership or mineral rights, for any period on or after December 22, 1999, is Plaintiff's Land.

12.

In the 1971 act of sale, the Pardee Company reserved all of its rights and interests in the minerals underlying the 8,673 acres of immovable property, thereby establishing a mineral servitude over this property. Because the mineral servitude purported to affect multiple noncontiguous tracts of land, the effect of this declaration was to create multiple mineral servitudes, with each contiguous tract(s) constituting a separate servitude.

13.

These mineral servitudes include a single mineral servitude over a contiguous tract of immovable property, containing approximately 1,160 acres, located in Sections 26, 27, 34 and 35, Township 15 North, Range 8 West, Bienville Parish. This is the Pardee Mineral Servitude.

14.

By subsequent conveyances, the Pardee Mineral Servitude came to be owned by its putative present owner, Pardee.

15.

Louisiana law provides that a mineral servitude must be "used," in a manner prescribed by law, by the servitude owner (or someone acting on behalf of the servitude owner) within ten (10) years of its creation, or within ten (10) years of any prior "use" of the servitude, or it is irrevocably extinguished by the running of the prescription of non-use.

16.

In the absence of any actual production of minerals, the prescription of non-use may be interrupted by an operation for the discovery and production of minerals which meets the specific requirements of La. R.S. § 31:29.

17.

Pardee, and its predecessors-in-interest in the Pardee Mineral Servitude, failed to use the Pardee Mineral Servitude for one or more periods of more than ten (10) years after the Pardee Mineral Servitude was created.

18.

Specifically, drilling operations which did not result in the production of minerals were conducted on the Pardee Mineral Servitude tract in 1980 (the H. E. Sutton-Pardee Company No. 1 Well, Serial No. 166516); 1989 (the Kerr-McGee-Blackwood Land Company No. 1 Well, Serial No. 211087); and 1998 (the Famcor-Pardee Well, Serial No. 222641). One or more of these were either not commenced with a reasonable expectation of obtaining the production of minerals in paying quantities, or did not actually reach the particular point or depth at which the well operator reasonable expected (at the time the operation was commenced) to discover and produce minerals in paying quantities. Consequently, one or more of these wells failed to meet all the requirements necessary, under La. R.S. § 31:29, for a non-producing well to interrupt the running of the prescription of non-use as to a mineral servitude.

19.

Consequently, the prescription of non-use accrued as to the Pardee Mineral Servitude <u>no later</u> than December 21, 1999 (ten years from the date operations on the Kerr-McGee-Blackwood Land Company No. 1 Well ended), and the Pardee Mineral Servitude was irrevocably extinguished. Therefore, from <u>at least</u> December 22, 1999, Plaintiff has enjoyed the unfettered right to explore for and produce the minerals in, on, or under Plaintiff's Land, and to enjoy its proportionate share of the production derived from any lands pooled with Plaintiff's Land.

20.

Despite the extinguishment of the Pardee Mineral Servitude on or before December 21, 1999, on January 31, 2001 Pardee Resources Group, Inc., the predecessor-in-interest of Pardee, granted the Carnes Lease to Carnes Oil Corporation. The Carnes Lease purports to grant to the lessee the rights to exploit the minerals in, on, and under Plaintiff's Land. Carnes Oil Corporation, in turn, assigned the mineral lease to El Paso. The Carnes Lease is recorded in Conveyance Book 900, at Page 256, under Entry No. 2001-632, records of Bienville Parish.

21.

Acting pursuant to the Carnes Lease and other leases, El Paso established the Units, which include Plaintiff's Land. El Paso provided no notice to Plaintiff regarding the establishment of the Units, or thereafter regarding any operations conducted within the Units or the payment of any production proceeds derived from operation of the Units. The first time Weyerhaeuser learned of the facts which support the claims asserted herein was in late 2007 and early 2008, when it learned of other litigation involving the Pardee Mineral Servitude.

22.

Beginning in 2003 and continuing thereafter, El Paso operated a number of wells within the Units which produced hydrocarbons in paying quantities.

23.

In 2013 Wildhorse was assigned El Paso's working interest in the Carnes Lease, and replaced El Paso as operator of the Units. Wildhorse thereby assumed the duties and responsibilities of El Paso as operator of the Units, including the *de jure* obligation of every unit operator to pay owners of interests within the Units with whom the operator does not have a lease a proportionate share of production, as set forth in La. R.S. § 30:10(A)(3).

24.

Plaintiff has to date received none of the proceeds of the mineral production in the Units which include Plaintiff's Land. Rather these proceeds have been either retained by or paid out to Defendants, who have been thereby paid an amount they were not due and/or unjustly enriched.

25.

Defendants knew, or should have known, of the extinction of the Pardee Mineral Servitude, and accordingly are possessors in bad faith of a real right in Plaintiff's Land.

26.

Pursuant to La. R.S. § 31:206, Plaintiff hereby makes demand upon each and every Defendant claiming a current interest in the Pardee Mineral Servitude and/or Carnes Lease, and requests that each and every such Defendant furnish to Plaintiff a recordable act evidencing the extinction or expiration of the Pardee Mineral Servitude and the Carnes Lease as to Plaintiff's Land. Plaintiff also requests from Defendant Wildhorse, in its capacity as the current operator of the Units, the accounting required by La. R.S. §§ 30:103.1 *et seq.* Plaintiff reserves whatever additional rights it might have should these demands not be met.

## CAUSES OF ACTION

### Count 1 – Declaratory and Injunctive Relief

27.

Plaintiff hereby incorporates by reference the preceding allegations.

28.

Plaintiff is entitled to a declaratory judgment declaring it to be the owner of one hundred (100%) percent of the minerals in, on and under Plaintiff's Land, or the right to exploit such minerals, from December 22, 1999 and thereafter. Plaintiff further requests declaratory and

injunctive relief sufficient to remove any cloud to its title occasioned by the Pardee Mineral Servitude and the Carnes Lease.

**Count 2 – Operator's Duty to Timely Remit Production Proceeds, La. R.S. § 30:10(A)(3)**

29.

Plaintiff hereby incorporates by reference the preceding allegations.

30.

As set forth herein, Plaintiff's Land is not leased and has never been leased by the operator of the Units. The operator from the inception of the Units through 2013 was El Paso, and thereafter through the present day the operator has been Wildhorse.

31.

Pursuant to La. R.S. § 30:10(A)(3), El Paso owes Plaintiff a full accounting of, and full remittance of, all proceeds of production from the Units payable during El Paso's tenure as operator of the Units, to the extent such proceeds are attributable to the minerals in, on and/or under Plaintiff's Land. El Paso further owes Plaintiff judicial interest on said proceeds, with the commencement of the accrual of such interest being 180 days after the sale of production.

32.

Pursuant to La. R.S. § 30:10(A)(3), Wildhorse, as the current operator of the Units, owes Plaintiff a full accounting of, and full remittance of, all proceeds of production from the Units payable from the inception of unit production through the present day, to the extent such proceeds are attributable to the minerals in, on and/or under Plaintiff's Land. Wildhorse further owes Plaintiff judicial interest on said proceeds, with the commencement of the accrual of such interest being 180 days after the sale of production.

33.

In regard to the production proceeds due from both El Paso and Wildhorse for the period of time El Paso was operator of the Units, this obligation is owed *in solido*.

34.

To the extent any of the units include unprofitable wells, Plaintiff, as an unleased interest owner under La. R.S. § 30:10(A)(3), is not responsible for the payment of any of the costs of exploring, drilling, or producing such wells.

**Count 3 – Bad Faith Possession, La. C.C. Art. 488**

35.

Plaintiff hereby incorporates by reference the preceding allegations.

36.

Defendants received payments resulting or derived from the production of the minerals in, on and/or under Plaintiff's Land, which by law only Plaintiff had the right to exploit.

37.

This extraction of minerals diminished the substance of the Plaintiff's Land.

38.

Because Plaintiff's knew or should have known of the extinction of the Pardee Mineral Servitude (and thus that the payments they were receiving were not authorized), Defendants possessed (or benefited from the possession) of a real right in Plaintiff's Land, and such possession was in bad faith.

39.

Consequently, Defendants are obligated to Plaintiff in damages for the diminution of the value of Plaintiff's Land. Furthermore, Defendants are not entitled to reduce any such payment by their expenses.

### Count 4 – Enrichment without Cause, La. C.C. Art. 2298

40.

Plaintiff hereby incorporates by reference the preceding allegations.

41.

Defendants received payments resulting or derived from the production of the minerals in, on and/or under Plaintiff's Land, which by law only Plaintiff had the right to exploit.

42.

A person who has been enriched without cause at the expense of another person is bound to compensate that person. Defendants were so enriched, and that enrichment did not result from any valid juridical act or from the law.

43.

Alternatively, and only to the extent that there is no other remedy available for Plaintiff to recover the amount by with it was impoverished or each Defendant was enriched, Plaintiff seeks appropriate compensation for the unjust enrichment of Defendants at Plaintiff's expense.

### Jury Trial Demand

44.

Plaintiff demands a trial by jury on all triable issues presented by this complaint.

### Prayer

**WHEREFORE**, Plaintiff Weyerhaeuser Company prays that after due proceedings there be a judgment in its favor:

    a) declaring that, as to Plaintiff's Land, the Pardee Mineral Servitude was extinguished no later than December 21, 1999, and thus from December 22, 1999 on Plaintiff has had unfettered authority to dispose of the minerals in, on, and under Plaintiff's Land;

PD.21800097.2

b) granting Plaintiff whatever additional declaratory and injunctive relief is necessary to remove any cloud from the title of Plaintiff is created by the Pardee Mineral Servitude or the Carnes Lease;

c) finding Defendants El Paso and Wildhorse liable, individually and/or *in solido*, as appropriate, to Plaintiff, for all unpaid production proceeds from production from the Units which is attributable to the minerals in, on, or under Plaintiff's Land;

d) ordering the remaining Defendants to disgorge and remit to Plaintiff any and all revenue obtained by such defendants after December 21, 1999, from any mineral production attributable to Plaintiff's Land; and

e) for any other relief which Plaintiff may be due.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
Paul LeBlanc, Bar Roll No. 23186
Shelton Dennis Blunt, Bar Roll No. 21230
Jack B. Stanley, Bar Roll No. 34106
Kevin W. Welsh, Bar Roll No. 35380
II City Plaza | 400 Convention St., Ste. 1100
Baton Rouge, Louisiana 70802-5618
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225-346-0285
Telecopier: 225-381-9197
Email: dennis.blunt@phelps.com
paul.leblanc@phelps.com
jack.stanley@phelps.com
kevin.welsh@phelps.com

ATTORNEYS FOR PLAINTIFF
WEYERHAEUSER COMPANY

**PLEASE SERVE this Complaint on:**

Pardee Minerals, LLC, Through its Registered Agent for Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

PD.21800097.2

EP Energy E&P Company, L.P. f/k/a El Paso E&P Company, L.P.
Through its Registered Agent for Service of Process
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Wildhorse Resources II, LLC
Through its Registered Agent for Service of Process
Cogency Global Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

Michael M. Carnes and Suzanne Carnes
1400 Woodloch Forest Dr., #425
The Woodlands, TX 77380
VIA LONG-ARM SERVICE

Carnes Oil Corporation
Through its Registered Agent for Service of Process
Michael Carnes
1400 Woodloch Forest Dr., #425
The Woodlands, TX 77380
VIA LONG-ARM SERVICE

Carnes Texas, Ltd.
Through its Registered Agent for Service of Process
Michael Carnes
1400 Woodloch Forest Dr., #425
The Woodlands, TX 77380
VIA LONG-ARM SERVICE

James Thigpen
21214 Atasocita Place
Humble, TX 77346
VIA LONG-ARM SERVICE

Richard P. DeCamara
5407 Three Oaks Circle
Houston, TX 77069
VIA LONG-ARM SERVICE

PD.21800097.2