UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WEYERHAEUSER CO. | CIVIL ACTION NO. 17-cv-0856 |
| VERSUS | JUDGE DOUGHTY |
| PARDEE MINERALS, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Weyerhaeuser Company ("Weyerhaeuser") filed this action seeking (1) a declaration that a mineral servitude on its land extinguished by non-use and (2) an award of damages based on mineral production from the land after the alleged expiration. One of the defendants, EP Energy E&P Company, LP ("EP"), which operated wells in the area, filed cross-claims against several of its co-defendants and prayed that, if Weyerhaeuser is successful, those defendants be ordered to return all royalty payments that EP made to them. Those defendants responded with cross-claims against EP and demanded an accounting for all royalties associated with the property and payment of any sums due.

Before the court is EP's Motion to Dismiss Cross-Claims (Doc. 42) on the grounds that the court lacks jurisdiction over the cross-claims. The parties to the cross-claims are not diverse, so there is no original jurisdiction. EP argues that there is also no basis for supplemental jurisdiction because the cross-claims for royalty accounting against the operator are not part of the same case or controversy as Weyerhaeuser's initial demand for a decision on the viability of the servitude. For the reasons that follow, it is recommended

that EP's motion be granted and that the cross-claims be dismissed for lack of subject-matter jurisdiction.

**Relevant Allegations**

In 1971, the Pardee Company sold over 8,000 acres of non-contiguous tracts of property in Bienville Parish to Willamette Industries, Inc. Pardee, in the act of sale, reserved all of its mineral rights under the properties, thereby establishing a mineral servitude on each of the several tracts. Complaint, ¶¶ 9, 12. One of the tracts contains approximately 1,260 acres and is at issue in this suit. ¶ 13.

Weyerhaeuser is the successor to Willamette. ¶ 10. It contends that Louisiana law requires a mineral servitude be used within 10 years of its creation or any prior use, or it is extinguished. The servitude can be used and prescription interrupted by production of minerals, La. R.S. 31:36, or good faith operation for the discovery and production of minerals if the operations meet certain statutory requirements. La. R.S. 31:29. ¶¶ 15-16. There were drilling operations on the tract in past years, but Weyerhaeuser contends they did not result in the production of minerals or meet the requirements of the statute. ¶ 18. It asserts that the servitude prescribed by non-use and ended no later than December 21, 1999. ¶ 19.

Despite the alleged extinguishment of the Pardee servitude in 1999, Pardee granted a mineral lease on the land in January 2001 to Carnes Oil Corporation. Carnes assigned the lease to EP, which established units that affected the property and began to operate wells within those units. Wildhorse Resources II, LLC took over EP's role as operator of the units in 2013. ¶¶ 20-23. Carnes and Wildhorse are also defendants.

Weyerhaeuser contends that it is entitled to all production attributed to its property after the extinguishment of the mineral servitude. It makes demand upon EP and Wildhorse for the proceeds of all production during the relevant time. The complaint also names as defendants five companies and individuals who hold overriding royalty interests in the lease. Weyerhaeuser prays that they be ordered to disgorge and remit to Weyerhaeuser any revenue obtained by them after December 21, 1999 from any mineral production attributable to Weyerhaeuser's land.

EP filed an answer that denied the servitude was extinguished. EP also asserted reimbursement cross-claims against fellow defendants Pardee Minerals, LLC and the five overriding royalty owners. The cross-claims prayed that if Weyerhaeuser were successful in proving that the Carnes lease is a nullity and EP must pay Weyerhaeuser for production from the land, then the court should order Pardee and the overriding royalty defendants to return to EP all royalty payments they received under the lease that were attributable to the Weyerhaeuser tract. Doc. 27, ¶ 11. There is no diversity of citizenship between EP and the cross-claim defendants, so EP invoked supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Pardee and the overriding royalty owners filed separate answers (Docs. 38 and 39) to EP's cross-claims and asserted their own cross-claims against EP. Their cross-claims, which also rely on supplemental jurisdiction, provide little in the way of facts. Each simply alleges:

> Plaintiff-in-Cross is entitled to receive a full and complete accounting from Defendants-in-Cross for all production, production proceeds, deductions and royalties associated with the Carnes Lease at issue in the above-captioned

    litigation. To the extent that Defendants-in-Cross have failed to make proper royalty payments to Plaintiff-in-Cross due under the Carnes Lease, Plaintiff-in-Cross demands that Defendants-in-Cross be held accountable for and liable to the Plaintiff-in-Cross for all sums due and owing.

These are the cross-claims that EP moves to dismiss for lack of jurisdiction.

**Analysis**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Complete diversity means that all persons on one side of the controversy must be citizens of different states than all persons on the other side. Alviar v. Lillard, 854 F.3d 286, 289 (5th Cir. 2017)

There is complete diversity of citizenship between Weyerhaeuser and the several defendants, so the court has original jurisdiction over Weyerhaeuser's complaint. But the parties to the two cross-claims at issue are not completely diverse. Pardee and EP share Delaware citizenship. The overriding royalty group ("ORG") and EP share Texas citizenship. Accordingly, there is no original jurisdiction over the cross-claims. No party argues to the contrary.

Pardee and the ORG argue that the court may hear their cross-claims based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Cross-claims are always permissive rather than compulsory. Dunn v. Sears, Roebuck & Co., 645 F.2d 511 n.1 (5th Cir. 1981). If a cross-claim is asserted, a district court may exercise supplemental jurisdiction over it if the requirements of Section 1367 are met. Powers v. U.S., 783 F.3d 570, 576 (5th Cir. 2015).

Section 1367(a) provides, subject to some exceptions that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Courts generally treat Section 1367 as a codification of the prior jurisprudential doctrines of pendent and ancillary jurisdiction. Griffin v. Lee, 621 F.3d 380, 384 (5th Cir. 2010).

The Supreme Court stated in United Mine Workers of America v. Gibbs, 86 S.Ct. 1130 (1966) that pendent/supplemental jurisdiction exists if the original and supplemental claims derive from a common nucleus of operative fact and are such that a party would ordinarily be expected to try them all in one judicial proceeding. Courts still apply this standard. Owens v. Town of Delhi, 469 F.Supp.2d 403, 409 (W.D. La. 2007) (James, J.); 13D Wright & Miller, Federal Practice and Procedure, § 3567.1 (3d ed.). It has also been said that cross-claims must be logically dependent upon the original claim to support supplemental jurisdiction. Travelers Insurance Co. v. First National Bank of Shreveport,

675 F.2d 633 (5th Cir. 1982); Great American Life Insurance Co. v. Tanner, 2018 WL 700827 (N.D. Miss. 2018).

Federal Rule of Civil Procedure 13(g) provides that a pleading may state a cross-claim "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." The parties who invoke jurisdiction here point to the "relates to any property" language in the rule. The Fifth Circuit has said that the analysis under Rule 13(g) or the supplemental jurisdiction doctrine is essentially the same. But to the extent Rule 13(g) could be interpreted more broadly, it must be remembered that "the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." Amco Construction Co. v. Mississippi State Bldg. Commission, 602 F.2d 730, 732 (5th Cir. 1979); Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.") Accordingly, it is the language of Section 1367(a) and jurisprudence such as Gibbs that must govern this issue.

Weyerhaeuser's claim over which the court has original jurisdiction concerns the continuing validity of a mineral servitude on its land. The relevant facts will concern the drilling operations on the property and whether they amounted to good faith operations under La. R.S. 31:29 or whether there was other use of the servitude within the meaning of Louisiana law. Weyerhaeuser's complaint also seeks damages for production from its property after the alleged termination of the servitude and disgorgement of any royalties or other proceeds that a party received after the alleged termination of the servitude.

The royalty accounting/underpayment cross-claims at issue would be based on separate facts: the amount of production generated by wells on the property or in a unit that included it, the revenues from that production, the appropriate cost deductions under the applicable lease and other agreements, and the like. Neither the operative facts nor law applicable to the Weyerhaeuser servitude claim would overlap with the royalty cross-claims. Weyerhaeuser's disgorgement claim does touch on the same area—royalties paid from production on the subject property—but requires only that the amounts paid to totaled. The accounting and underpayment cross-claims would require a different and more detailed assessment of the propriety of the amount of royalties paid. The cross-claims and Weyerhaeuser's main demand do not arise from a common nucleus of operative fact, so the court lacks supplemental jurisdiction over the cross-claims at issue. When a court lacks subject matter jurisdiction over claims, the proper action is to dismiss the claims without prejudice so the parties may litigate them in a court that does have jurisdiction. In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209 (5th Cir. 2010).

If supplemental jurisdiction did exist under Section 1367(a), the court could examine whether it would be appropriate to exercise its discretion under Section 1367(c) to decline to exercise supplemental jurisdiction over the claims.[1] It is perhaps too early in the case to make the assessment, but the royalty claims could present complex issues of

---

[1] Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim under Subsection (a) if the claim raises a novel or complex issue of state law, substantially predominates over the claim over which the court has original jurisdiction, the court has dismissed all claims over which it had original jurisdiction, or there are other compelling reasons for declining jurisdiction.

state law or substantially predominate over the servitude claim. The court has seen a number of royalty disputes in recent years, and many of them have been complex litigation that presented novel issues and involved voluminous discovery. It is not difficult to imagine that the royalty cross-claims presented in this case could become a much more complicated and drawn out litigation than the original servitude claim. The court need not address whether declining the exercise of supplemental jurisdiction would be appropriate because supplemental jurisdiction is lacking over these claims.[2]

Accordingly,

IT IS RECOMMENDED that **EP's Motion to Dismiss Cross-Claims (Doc. 42)** be **granted** and that the cross-claims asserted by Pardee Minerals, LLC in Doc. 38 and those asserted by the overriding royalty defendants in Doc. 39 be dismissed without prejudice for lack of subject-matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[2] The same cross-claimants asserted similar royalty accounting cross-claims against Wildhorse. Docs. 40 and 41. It appears that they are also subject to dismissal for lack of jurisdiction, but Wildhorse has not filed a motion to dismiss those claims. Jurisdiction over those cross-claims will be reviewed after this Report and Recommendation is acted on by the district judge.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge