# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **WEYERHAUSER CO.** | **CIVIL ACTION NO. 17-0856** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PARDEE MINERALS, LLC, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

### RULING

Pending before the Court is a Motion to Realign Parties for Purposes of Discovery and Trial ("Motion to Realign") [Doc. No. 59] filed by Plaintiff Weyerhauser Co. ("Weyerhauser"). Defendant EP Energy E & P Company, L.P. ("EP") filed a memorandum in opposition to the motion. [Doc. No. 71]. Weyerhauser filed a reply memorandum in support of its motion. [Doc. No. 74]. For the following reasons, the motion is DENIED.

This is a dispute over mineral servitudes. On July 3, 2017, Weyerhauser filed a Complaint in this Court against Defendants Pardee Minerals, LLC ("Pardee"), EP, Wildhorse Resources, II LLC, Michael Carnes, Suzanne Carnes, Carnes Oil Corp., Carnes Texas, Ltd., Richard P. DeCamara, and James S. Thigpen, asserting that the lawsuit was brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., and under state law, including La. Rev. Stat. § 30:10(A)(3) and the Louisiana Civil Code.

Weyerhauser is the owner of certain immovable property or mineral servitudes over immovable property located in Bienville Parish, Louisiana. The parties dispute

whether a mineral servitude created in 1971 by the predecessor-in-interest of Pardee

continues to burden the land, or whether the servitude has been extinguished by the

prescription of nonuse. It is undisputed that three wells were drilled between 1980 and

1998 on the servitude: the Sutton Well in 1980, the Kerr-McGee Well in 1989, and the

Famcor Well in 1998. However, the wells were unproductive, i.e., dry holes. The issue

is whether these three wells constituted a sufficient use of the servitude under La. Rev.

Stat. § 31:29 to interrupt prescription.

Weyerhauser seeks a declaration from the Court that the servitude was

extinguished by the running of the prescription of nonuse on or before December 21,

1999, an award of damages for unpaid proceeds of production attributable to gas and oil

production since that date, an award of damages for bad faith possession, damages for

enrichment without cause, and other relief.

EP answered and filed cross claims against the other Defendants. The other

Defendants have also answered.

In the current motion, Weyerhauser moves the Court to realign the parties for

purposes of discovery and trial, contending that Defendants bear the burden of proof at trial

to show that there were sufficient operations on the servitude in a timely manner to interrupt

prescription. It argues that the parties should be realigned to conform to the burden of

proof and to avoid confusion to the jury.

EP responds that it is undisputed that timely use was made of the servitude. The

dispute, according to EP, is whether the uses were sufficient. To that end, EP cites authority

2

to suggest that there is a presumption that dry hole drilling operations were conducted in good faith recognized by the Louisiana Second Circuit Court of Appeals in *Kellogg Bros., Inc. v. Singer Mfg. Co.*, 131 So.2d 578 (La. App. 2d Cir. 1961). Relying on the presumption, EP argues that the Court should not realign the parties.

In a reply memorandum, Weyerhauser denies that there is such a presumption of good faith because (1) the *Kellogg* case discussed a presumption, but then proceeded to consider the underlying facts to determine whether the servitude owner had met its burden of proof; (2) the cases Weyerhauser cited and which do not apply a presumption are on point; (3) no court has applied a presumption of good faith under these circumstances; (4) even if there was a presumption of good faith, it did not survive the 1989 enactment of the Louisiana Code of Evidence; and (5) the alleged presumption is not established by and is contrary to legislation.

A district court has discretion to set the order of proof at trial. *See Helling v. McKinney*, 113 S. Ct. 2475 (1993). Ordinarily, the party with the burden of proof is allowed to open and close the case. *See Martin v. Cheesebrough–Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980). However, it is clear that a motion to realign the parties is left to the discretion of the Court. *See Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623 (5th Cir. 1994) (citing *Moreau v. Oppenheim*, 663 F.2d 1300 (5th Cir. 1981). Further, it is not an abuse of discretion for a court to deny realignment when opposing parties bear the burden of proof on different issues in the case. *See, e.g., Anheuser–Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (when both parties bore the burden of proof

on distinct counts of their causes of action, the district court did not abuse its discretion in denying the defendant's motion to set the order of proof and realign the parties).

In this case, the Court denies Weyerhauser's Motion to Realign Parties. In reaching this decision, the Court need not reach a determination whether there is a presumption of good faith as argued by EP. Even if Defendants bear the burden of proof on certain aspects of this case, Weyerhauser bears the burden of proof on its requested money damages and Defendants' alleged bad faith. Therefore, realigning the parties would not make the case more understandable or less confusing for the jury. Further, all parties will have the opportunity for discovery in this case as it stands. Based on these considerations and given the posture of this case, the Court finds that a realignment of the parties would be inappropriate.

MONROE, LOUISIANA, this 21st day of June, 2018.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**