# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **WEYERHAEUSER CO.** | **CIVIL ACTION NO. 17-0856** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PARDEE MINERALS, LLC. ET AL** | **MAG. JUDGE MARK L. HORNSBY** |

# RULING

Pending before the Court is a Motion for Entry of Final Judgment under Federal Rule of Civil Procedure 54(b), or in the Alternative, Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) [Doc. No. 81], filed by EP Energy E&P Company, L.P. ("EP") in the above proceeding. An Opposition was filed by Pardee Minerals, LLC ("Pardee), Michael Carnes, Suzanne Carnes, Carnes Texas, Ltd., Carnes Oil Corporation, James Thigpen and Richard P. deCamara ("Carnes group"). [Doc. No. 83]. For the reasons set forth herein, EP's Motion is DENIED.

## I. FACTS AND PROCEDURAL BACKGROUND

This is a dispute over mineral interests. In 1971, Pardee sold over 8,000 acres of non-contiguous tracts of property in Bienville Parish to Willamette Industries, Inc. Pardee, in an act of sale, reserved all of its mineral rights under the properties, thereby establishing a mineral servitude on each of the several tracts. One of the tracts contains approximately 1,260 acres and is at issue in this proceeding

Weyerhaeuser Co. is the successor to Willamette. Weyerhaeuser contends that the Pardee mineral servitude was extinguished by the prescription of nonuse in 1999. Despite this alleged

extinguishment, Pardee granted a mineral lease on the land in January 2001 to Carnes Oil Corporation. Carnes assigned the lease to EP, which established units which affected the property and began to operate wells within those units. Wildhorse Resources, II LLC ("Wildhorse") took over EP's role as operator of the units in 2013.

On July 3, 2017, Weyerhaeuser filed a complaint in this Court seeking a declaration that the servitude was extinguished by the running of the prescription of non-use on or before December 21, 1999, and awarding damages for unpaid proceeds or production attributable to gas and oil production since that date, an award of damages for bad faith possession, damages for enrichment without cause, and other relief.

EP filed an answer in which it denied the servitude was extinguished. EP also filed crossclaims against Pardee Minerals, LLC, ("Pardee"), Michael Carnes, Suzanne Carnes, Carnes Texas, Ltd., Carnes Oil Corporation, James Thigpen and Richard deCamara, ("Carnes Group"). In EP's crossclaim, EP maintained that if Weyerhaeuser is successful, Pardee and the Carnes Group be ordered to return all royalty payments that EP made to them.

To the crossclaims, Pardee and the Carnes Group filed a Motion for Judgment on the Pleadings [Doc. No. 64], contending the EP's crossclaims were prescribed. In a memorandum ruling and judgment dated June 28, 2018 [Doc. No.79 and 80], this Court GRANTED Pardee and the Carnes Group's Motion for Judgment on the Pleadings, dismissing EP's crossclaims against Pardee and the Carnes Group, with prejudice.

On July 18, 2018, EP filed a Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b), or in the Alternative, Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure Article 59(e). [Doc. No. 81]. The Judgment is not yet appealable since

other claims are not yet resolved in this proceeding. EP asks this Court to direct entry of a final judgment to this claim, in order to allow EP to immediately appeal this matter. Pardee and the Carnes Group have opposed EP's motion. [Doc. No. 83].

On August 8, 2018, with leave of Court, Weyerhaeuser dismissed its claims against Pardee and the Carnes Group. [Doc. No. 85].

On August 9, 2018, EP filed a reply memorandum in support of the instant motion. [Doc. No. 86].

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure Article 54(b) states in pertinent part as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[emphasis added].

When deciding whether to certify a judgment under Rule 54(b), a court must make two determinations: (1) that it is dealing with a "final judgment" (an ultimate disposition of an individual claim); and (2) whether any just reason for delay exists. *Briargrove Shopping Center Joint Venture v. Pilgrim Enters, Inc.* 170 F.3d 536 (5th Cir. 1999). There is no question that the decision qualifies as a "final judgment," as the decision dismissed the crossclaims of EP against the Carnes Group and Pardee, based on prescription.

The primary question in this matter is whether there is any "just reason for delay."

Rule 54(b) reflects a balancing of two policies: (1) avoiding the danger of hardship or injustice or delay which would be alleviated by immediate appeal and (2) avoiding piecemeal appeals. *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737 (5th Cir. 2000).

In determining whether the dismissal qualifies the court looks at a number of factors. A court should consider such factors as: (1) the relationship between adjudicated and the un-adjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. *Akers v. Alvey,* 338 F.3d 491 (6th Cir. 2003).

Additionally, a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. It should not be entered routinely as a courtesy to counsel. Unrestrained application of Rule 54(b) is strongly disfavored. *PYCA Indus. Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.,* 81 F.3d 1412 (5th Cir. 1996).

EP argues that the crossclaims constitute a disposition as to all claims brought by EP against Pardee and the Carnes Group. As nothing remains to be resolved in this litigation in the sole dispute between the crossclaim parties, EP maintains that allowing the appeal would allow the United States Court of Appeals for the Fifth Circuit to focus on the narrow issue of whether

EP's crossclaims have prescribed and will not require re-litigation of the other factual issues in the remaining portion of the case. EP further argues that in the event the judgment is not certified now, but must wait to be challenged on appeal after a trial of the main demand, judicial resources will have been wasted in potentially having to conduct an entirely new and separate trial on the crossclaims when that issue could have been resolved in a single trial. Additionally, EP argues that due to the dismissal of Plaintiff's claims against Pardee and the Carnes Group [Doc. No. 85], Pardee and the Carnes Group would be absent from the trial, and Plaintiff would face the possibility of two trials if the ruling is reversed. [Doc. No. 80].

On the other hand, the Carnes Group and Pardee maintain that it would not be appropriate to certify the ruling as a final judgment in this case as there is a possibility that review might be mooted by future developments in the district court. EP's crossclaims are wholly contingent upon Weyerhaeuser succeeding on its main claim and having the servitude extinguished. The Carnes Group and Pardee maintain that, if Weyerhaeuser's main demand is settled, dismissed, or defeated at trial, EP's crossclaims would become moot and its proposed appeal would become unnecessary. They also argue that certifying the judgment at this time would be premature and create needless work for the Fifth Circuit. Finally, Pardee and the Carnes Group argue that federal courts strongly disfavor piecemeal appeals and that Rule 54(b) judgments should only be used in the infrequent harsh case. *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978).

### B. LEGAL ANALYSIS

This Court finds that it would be inappropriate at this time to designate the previous ruling for entry as a final judgment. Although the issue in the crossclaims are based on prescription, the crossclaims are completely contingent upon Weyerhaeuser proving its main demand. To allow

this matter to be addressed on appeal at this time would be inefficient in that as there would be an appeal of an issue that may never have to be decided. If Weyerhaeuser is not able to prove its claim, or Weyerhaeuser's claim is settled or dismissed, these issues would never have to be appealed. It may never be necessary to reach this issue at all, and this Court believes it is in the interest of judicial economy to wait until the entire matter is resolved prior to certifying this matter for appeal. For these reasons, EP's Motion is denied.

### III. CONCLUSION

For the foregoing reasons, EP Energy's Motion for Entry of Final Judgment under Federal Rule of Civil Procedure 54(b), or in the Alternative, Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), is DENIED.

Monroe, Louisiana, this 10th day of August, 2018.

_____
TERRY A. DOUGHTY, JUDGE
UNITED STATES DISTRICT COURT